[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this matter have filed Motions to Suppress. They have adopted each other's motion and briefs filed with the court.
In essence they claim that the evidence seized in their respective cases was illegally done as set forth in their Motions to Suppress.
Counsel for the defendants have filed a brief 61 pages long in support of their motion plus an addendum consisting of six additional pages. They claimed an evidentiary hearing which the court held on various dates. A number of police officers testified as did the defendant Nadine Exum. The defendants claim:
1) That the search warrant contained insufficient information to suppress probable cause; 2) The information contained in the warrant was stale, and; 3) The police upon execution of the warrant failed to "knock and announce."
(1)
The defendants claim that false statements were made in the affidavit for the search warrant in that no one could see into the apartment of the defendants. The court heard a great deal of testimony from the officers as to where they were positioned and how they could see thru the frame door into the apartment. CT Page 2640
A search of private property must be both reasonable and performed pursuant to a properly issued search warrant. State v. Federici, 179 Conn. 46. The question is one of reliability as to the facts sworn to in the search warrant. Was there probable cause? Was the information accurate? Was there indicia of illegal activity? These are some of the questions that must be answered by the issuing judge concerning the facts set forth in the affidavit. This court finds the answers to those questions to be in the affirmative. There is evidence of more than mere suspicion. State v. Velez, 20 Conn. App. 168. The court is also aware of the long standing rule that there is an underlying presumption of validity with respect to an affidavit supporting a warrant. State v. Bergin, 214 Conn. 657. Also, see, State v. Jackson, 162 Conn. 440.
(2)
"Proof of probable cause must be of facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." State v. Johnson,22 Conn. App. 40, 47. An exception to this rule, as stated in State v. Rose, 168 Conn. 623, is where the court finds facts indicating the likelihood that there is a continuing criminal activity. Such is the observation of the police and concerned citizen in this case. All of this information of continuing activity as contained in the affidavit indicates a continuing criminal activity and that the warrant was executed within a reasonable time.
(3)
The burden of showing that the police failed to observe the so-called "knock and announce rule" is upon the defendants. State v. Marino, 152 Conn. 85.
The evidence heard by the court indicates that the police knocked and entered in a time frame of 8 to 10 seconds. They knew of the criminal record of one of the defendants and his prior use of weapons. They also knew of the possibility that the illegal substance involved could easily be destroyed before seizure.
Based on the information the police had concerning the background and activities of the defendants, this court finds the gaining of entrance to the apartment was proper.
Based on this court's reading of the affidavit and the testimony at the hearing on the Motion to Suppress, the court finds no basis for the granting of the Motion to Suppress and it is denied. CT Page 2641
Quinn, J.